IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02358-MEH

ASSAD IBRAHIM, individually and in his capacity as Father and Next Friend of minor H.A.M.,

    Plaintiff,

v.

DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, d/b/a Lufthansa German Airlines,

    Defendant.

---

**ORDER ON MOTION FOR LEAVE TO AMEND**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's renewed Motion for Leave to Amend Complaint, and For Acceptance of Contemporaneously-Filed Amended Complaint [filed February 2, 2016; docket #27]. The Court finds further briefing and oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants** the Plaintiff's motion. In light of this order, the Court also **denies without prejudice** Defendant's motion to dismiss [docket #16].

**BACKGROUND**

Plaintiff filed this action individually and on behalf of his minor child, H.A.M., on October 23, 2015, alleging generally that they suffered injuries as a result of Defendant's "negligence" in failing to inform Plaintiff that it sold an airline ticket to H.A.M. to fly to Istanbul, Turkey on October 18, 2014. Complaint, docket #1. Defendant responded to the Complaint by filing a motion to dismiss arguing Plaintiff failed to state plausible claims on behalf of himself and H.A.M. Docket #16. At a Scheduling Conference on December 15, 2015, the parties and the Court discussed staying discovery pending resolution of the motion to dismiss, and the Court issued an order for a temporary stay. Docket #22. Briefing on the motion to dismiss completed on December 28, 2015.

Docket #24.  Plaintiff then filed an initial motion seeking to amend the Complaint on February 1, 2016, but the motion was denied without prejudice for procedural deficiencies.  Dockets ## 25, 26.  The next day, Plaintiff filed the present motion certifying that the Defendant opposes the motion.  As set forth below, the Court overrules any objection at this stage of the proceeding.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a) (2011).  Rule 15 instructs courts to "freely give leave when justice so requires."  *Id.*  Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

The Court notes that, typically, a deadline for the amendment of pleadings is designated in an operative Scheduling Order and the Court must engage in an analysis of whether amendment meets such deadline under Fed. R. Civ. P. 16(b).  However, here, discovery is stayed and no Scheduling Order has been yet entered.  Accordingly, the Court will proceed to determine whether Plaintiff's motion meet the requirements of Fed. R. Civ. P. 15(a).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend.  *See Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001).  The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).  Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365-66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed

amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, Plaintiff asserts that he "has now determined that the ticket agent was also negligent, and requests leave to amend Plaintiff's complaint to add allegations relating to this negligence." Motion, ¶ 3, docket #27. At this early stage of the litigation, the Court cannot find that any delay in seeking to amend the Complaint is "undue." In addition, on review of the proposed amended pleading, the Court notes that Plaintiff modifies certain of his factual allegations, likely in an attempt to correct deficiencies noted in the pending motion to dismiss. Again, at this early stage, the Court finds such attempt proper. *See* Fed. R. Civ. P. 15(a)(1) (2009 amend.) ("A responsive amendment may avoid the need to decide the motion or reduce the number of issued to be decided, and will expedite determination of issues that otherwise might be raised seriatim.").

Moreover, the Court finds that there should be no prejudice to Defendant with the addition of the claim involving the ticket agent. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at at 1207 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)). Here, as set forth above, discovery in this case, which has not yet begun, is currently stayed. The Court perceives no undue prejudice to the Defendant with the addition of the Third Claim for Relief.

As to whether Plaintiff's amendments may be futile, the Court finds that any arguments concerning the futility of the additional allegations/claim are more efficiently raised in the context of a Rule 12(b)(6) motion, rather than indirectly through opposition of a Rule 15(a) motion.

## CONCLUSION

Rule 15(a) requires that courts "freely give leave when justice so requires." The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a

3

proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits." *Foman*, 371 U.S. at 182. Here, the Court finds that Plaintiff's amendments are neither unduly delayed nor unduly prejudicial to Defendant. Accordingly, in the interests of justice and efficiency, the Court **grants** Plaintiff's renewed Motion for Leave to Amend Complaint, and For Acceptance of Contemporaneously-Filed Amended Complaint [filed February 2, 2016; docket #27]. The Plaintiff shall file a clean copy of the Amended Complaint on or before February 5, 2016.

In addition, Defendant's Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) [filed November 20, 2015; docket #16] is **denied as moot with leave to re-file**, if Defendant so chooses, in response to the Amended Complaint. *See Franklin v. Kansas Dep't of Corrs.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.") (citing *Miller v. Glanz*, 948 F. 2d 1562, 1565 (10th Cir. 1991)); *see also Robinson v. Dean Foods Co.*, No. 08-cv-01186-REB, 2009 WL 723329, at *4 (D. Colo. Mar. 18, 2009) (citation omitted) ("Generally, when an amended complaint is filed, the previous complaint is wiped out and the operative complaint is the most recently filed version."). Defendant shall respond to the Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado this 4th day of February, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge