IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **15-cv-02358-MEH**

**ASSAD IBRAHIM,** individually and in his capacity as Father and Next Friend of Minor Child **H.A.M.**

    Plaintiff,

    vs.

**DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, INC.** d/b/a Lufthansa German Airlines

    Defendants.

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Assad Ibrahim, Individually and as Father and Next Friend of Minor Child H.A.M., by and through counsel, Anthony Viorst of the Viorst Law Offices, P.C., and for his amended complaint against the Defendant states as follows:

### JURISDICTION AND VENUE

1. Plaintiff Asaad Ibrahim ("Ibrahim"), the biological father of minor child H.A.M. (D.O.B. 06/09/1998), is a resident of Colorado, residing at 1145 Xenia Street, Unit B, Denver, CO 80247.

2. Defendant Deutsche Lufthansa Aktiengesellschaft, Inc., d/b/a Lufthansa German Airlines ("Lufthansa"), is an airline company based in Germany, licensed to do business and doing business in Denver, Colorado.

3. Venue is proper in Denver County, pursuant to C.R.C.P. 98( c), because that is where the tortious acts occurred.

### INTRODUCTORY ALLEGATIONS

4. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

5. On the afternoon of October 18, 2014, H.A.M. and two female friends presented to the Lufthansa ticket counter at Denver International Airport, in order to purchase same-day airline tickets to Istambul. It was their intention, once they reached Istambul, to join the Islamic terrorist group ISIS.

6. On the date in question, Lufthansa's policy regarding minor travel from the United States stated that "children and teenagers under the age of 18 traveling to/from an airport in the USA . . . require a notarized consent letter from their parents or legal guardians." *See* http://www.lufthansa.com/us/en/Countryspecific-travelregulations-children.

7. All three girls were minors, under the age of 18, dressed in black, and wearing head scarves. They proceeded to purchase one-way tickets to Istambul, using cash, in the total amount of approximately $2,700.00. At the time of purchase H.A.M., a United States citizen, presented her passport to Lufthansa employees, but neither H.A.M. nor her any of her friends presented a parental consent letter authorizing overseas travel from the United States. Their flight was scheduled to leave at approximately 6:00 p.m. Their flight path to Istambul required a stop in Frankfurt, Germany.

8. Meanwhile, Ibrahim observed that his daughter did not return from school, and remotely checked the call log on her cellular phone, which showed that she had called Lufthansa. Ibrahim proceeded to call Lufthansa, at which time he identified himself as the father of a minor child who he believed might be traveling, without authorization, on Lufthansa. Ibrahim inquired whether his daughter H.A.M. had been issued a Lufthansa ticket for travel that day, and was explicitly told that she had not.

9. If Ibrahim had been told that his daughter was scheduled to travel to Istambul on Lufthansa, he would have immediately asked Lufthansa personnel to prohibit her from boarding the plane to Istambul, or would have driven to the airport and taken steps to stop her himself.

10. However, because Ibrahim was misinformed regarding Lufthansa's issuance of an airline ticket to H.A.M., he did not drive to the airport, and his daughter flew to Frankfurt, with the intention of continuing on to Istambul and joining ISIS.

11. Because he could not find his daughter, Ibrahim called law enforcement authorities, who were able to intercept H.A.M in Frankfurt. However, because H.A.M. was intercepted in Frankfurt, rather than Denver, the press became aware of the situation, and H.A.M.'s intention to join ISIS was publicized on television and in newspapers.

12. Due to this publicity, Ibahim suffered public disapproval, as well as financial losses in his limousine business. In addition, H.A.M. suffered criminal penalties, and was placed on the United States government's no-fly list.

## FIRST CLAIM FOR RELIEF
(False Representation – Telephone Operator)

13. Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

14. Lufthansa is vicariously liable for the negligent and fraudulent acts of its employees and agents.

15. When Ibrahim called Lufthansa on the afternoon of October 18, 2014, and was told by an airline employee or agent that H.A.M. had not been issued an airline ticket for travel that day, that employee or agent made a false representation of material fact.

16. At the time the representation was made, the Lufthansa employee or agent either knew the representation was false, or was aware that he or she did not know whether the representation was true or false.

17. The Lufthansa employee or agent made the representation with the intent that Ibrahim would rely on the representation.

18. Ibrahim relied on that material representation, by not asking Lufthansa personnel to prohibit H.A.M. from boarding a Lufthansa airplane, and by deciding not to drive to the airport in an effort to intercept his daughter.

19. Ibrahim was justified in relying on the representation.

20. Ibrahim's reliance resulted in damages, in the form of public disapproval, and financial losses to Ibrahim's limousine business, as well as H.A.M.'s criminal penalties, and her placement on the United States government's no-fly list. Ibrahim and his daughter also suffered significant emotional distress and other noneconomic damages.

## SECOND CLAIM FOR RELIEF
(Nondisclosure or Concealment – Telephone Operator)

21. Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

22. When Ibrahim called Lufthansa on the afternoon of October 18, 2014, and was told by an airline employee or agent that H.A.M. had not been issued an airline ticket for travel that day, that employee or agent concealed a material fact which in equity and good conscience should have been disclosed.

23.     The Lufthansa employee or agent concealed the fact that an airline ticket had been issued to H.A.M. with the intent of creating a false impression in the mind of Ibrahim, and the intent that Ibrahim take a course of action that he might not take if he knew the actual facts.

24.     Ibrahim relied on the concealed fact, by not asking Lufthansa personnel to prohibit H.A.M. from boarding a Lufthansa airplane, and by deciding not to drive to the airport in an effort to intercept his daughter.

25.     Ibrahim's reliance resulted in damages, in the form of public disapproval, and financial losses to Ibrahim's limousine business, as well as H.A.M.'s criminal penalties, and placement on the United States government's no-fly list. Ibrahim and his daughter also suffered significant emotional distress and other noneconomic damages.

### THIRD CLAIM FOR RELIEF
(Negligence – Telephone Operator)

26.     Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

27.     The Lufthansa employee or agent who answered Ibrahim's telephone call on the afternoon of October 18, 2104, also owed H.A.M., an unaccompanied minor, as well as Ibrahim, her father and guardian, a duty of reasonable care.

28.     The Lufthansa employee or agent breached that duty by incorrectly informing Ibrahim that H.A.M. had not been issued an airline ticket for travel that day.

29.     The Lufthansa employee's acts or omissions caused damages to Ibrahim and H.A.M., in the form of public disapproval, financial losses to Ibrahim's limousine business, H.A.M.'s criminal penalties, and her placement on the United States government's no-fly list. Ibrahim and his daughter also suffered significant emotional distress and other noneconomic damages.

### FOURTH CLAIM FOR RELIEF
(Negligence – Ticket Agent)

30.     Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

31.     The Lufthansa employee or agent who sold H.A.M's airline ticket owed H.A.M., an unaccompanied minor under the age of 18, as well as Ibrahim, her father and guardian, a duty of reasonable care.

32.     The Lufthansa employee who sold H.A.M.'s airline ticket breached that standard of care by selling a Denver-Istambul ticket to a female minor, dressed in traditional Muslim attire, who was traveling without a parent and without parental consent, and who was voyaging to a dangerous third-world country.

33.     Indeed, the sale of this ticket violated company policy stating that "children and teenagers under the age of 18 traveling to/from an airport in the USA . . . require a notarized consent letter from their parents or legal guardians." *See Therrien v. Target Corp.*, 617 F.3d 1242 (10th Cir. 2010) (company's internal rules are admissible "as evidence of the measure of caution which ought to be exercised in situations to which the rules apply").

34.     The Lufthansa employee's acts or omissions caused damages to Ibrahim and H.A.M., in the form of public disapproval, financial losses to Ibrahim's limousine business, H.A.M.'s criminal penalties, and her placement on the United States government's no-fly list. Ibrahim and his daughter also suffered significant emotional distress and other noneconomic damages.

WHEREFORE, Plaintiff prays for compensatory damages in favor of the Plaintiff and against the Defendant in an amount to be determined by the trier of fact, pre-judgment interest, post-judgment interest, expert witness fees, filing fees, deposition expenses, and for such other and further relief as this Court may deem appropriate, including all costs.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX PERSONS**.

Dated this 5th day of February, 2016.

                                    THE VIORST LAW OFFICES, P.C.

                                    [*Original signature on file at Viorst Law Offices, P.C.*]

                                    *s/ Anthony Viorst*
                                    Anthony Viorst, #18508
                                    Viorst Law Offices, PC
                                    950 South Cherry Street, Suite 300
                                    Denver, CO 80246
                                    Telephone: (303) 759-3808
                                    Facsimile: (303) 333-7127
                                    E-mail: tony@hssspc.com
                                    Attorney for Plaintiff

**Plaintiff's Address**:
1145 Xenia Street, Unit B
Denver, CO 80247