IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02358-MEH

ASSAD IBRAHIM, individually and in his capacity as Father and Next Friend of minor H.A.M.,

    Plaintiff,

v.

DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, d/b/a Lufthansa German Airlines,

    Defendant.

─────────────────────────────────────────────────────────────────────────────

## ORDER ON MOTION TO DISMISS
─────────────────────────────────────────────────────────────────────────────

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed February 24, 2016; docket #35]. The motion is fully briefed, and the Court finds oral argument would not materially assist the Court in its adjudication of the motion. Based on the record contained herein, the Court **grants in part and denies in part** Defendant's motion.[1]

## BACKGROUND

    Plaintiff Assad Ibrahim ("Ibrahim") initiated this action on October 5, 2015 in the District Court, Denver County, Colorado. Docket #3. Defendant Deutsche Lufthansa Aktiengesellschaft ("Lufthansa") removed the action to this Court on October 23, 2015 pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446 (docket #1), then filed a motion to dismiss the Plaintiff's Complaint on November 20, 2015 (docket #16). At a conference on December 15, 2015, the Court discussed with the parties the status of the case, then stayed discovery pending resolution of the motion to dismiss.

───────────────────

[1] On November 18, 2015, the parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). *See* docket #14.

Docket #22.  After the motion was fully briefed, Plaintiff sought leave to amend the Complaint in an attempt to cure any deficiencies raised by the motion.  Docket #27.  The Court granted leave, and Plaintiff filed the operative Amended Complaint on February 5, 2016.  Docket #29.

## I.     Statement of Facts

The following are factual allegations (as opposed to legal conclusions, bare assertions or merely conclusory allegations) made by the Plaintiff in the Amended Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must limit its review to the four corners of the Amended Complaint, but may also consider documents attached to the pleading as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as any unattached documents which are referred to in the Amended Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed.  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

On the afternoon of October 18, 2014, H.A.M. (Ibrahim's 16-year-old daughter) and two female friends presented to the Lufthansa ticket counter at Denver International Airport to purchase same-day airline tickets to Istanbul, Turkey.  It was their intention, once they reached Istanbul, to join the Islamic terrorist group, "ISIS."  All three girls were minors, under the age of 18, dressed in black, and wearing head scarves.  They purchased one-way tickets to Istanbul using cash, in the total amount of approximately $2,700.00. At the time of purchase, H.A.M., a United States citizen, presented her passport to Lufthansa employees. The flight was scheduled to leave at approximately 6:00 p.m., and the flight path to Istanbul required a stop in Frankfurt, Germany.

On the date in question, Lufthansa's policy regarding minor travel from the United States stated that "children and teenagers under the age of 18 traveling to/from an airport in the USA . . .

require a notarized consent letter from their parents or legal guardians." At the time of purchase, H.A.M., a United States citizen, presented her passport to Lufthansa employees, but neither H.A.M. nor her any of her friends presented a parental consent letter authorizing overseas travel from the United States.

Meanwhile, Ibrahim observed that H.A.M. did not return from school, and remotely checked the call log on her cellular phone, which showed that she had called Lufthansa. Ibrahim then called Lufthansa and identified himself as the father of a minor child who he believed might be traveling, without authorization, on Lufthansa. Ibrahim asked whether his daughter, H.A.M., had been issued a Lufthansa ticket for travel that day and was told that she had not. Based on this information, Ibrahim did not immediately ask Lufthansa personnel to stop H.A.M. from boarding the plane or drive to the airport and take steps to stop her himself, as he would have done had he learned the accurate information. Instead, H.A.M. flew to Frankfurt with the intention of continuing on to Istanbul and joining ISIS.

When he could not find his daughter, Ibrahim called law enforcement authorities, who were able to intercept H.A.M. in Frankfurt. However, because H.A.M. was intercepted in Frankfurt, rather than in Denver, the press became aware of the situation, and H.A.M.'s intention to join ISIS was publicized on television and in newspapers. Due to this publicity, Ibrahim suffered public disapproval, as well as financial losses in his limousine business. In addition, H.A.M. suffered criminal penalties and was placed on the United States Government's no-fly list.

## II. Procedural History

Based on these allegations, Ibrahim alleges four claims against Lufthansa: three based on conduct by the telephone operator for false representation, nondisclosure or concealment, and

negligence, and one based on conduct by the ticket agent for negligence. Amended Complaint, docket #29. Ibrahim, on behalf of himself and H.A.M., seeks recovery for "damages, in the form of public disapproval, and financial losses to Ibrahim's limousine business, as well as H.A.M.'s criminal penalties, and placement on the United States government's no-fly list. Ibrahim and his daughter also suffered significant emotional distress and other noneconomic damages." *Id.*, ¶¶ 20, 25, 29, 34.

Lufthansa responded to the Amended Complaint by filing the present motion to dismiss, arguing that Claims 1-3 contain no allegations of any tort against H.A.M. and, thus, these claims brought on her behalf should be dismissed, and that all four claims brought by Ibrahim are insufficient to state actual or proximate causation.

Ibrahim counters that by failing to undertake an accurate check of its records, Lufthansa breached duties owed to both Ibrahim and H.A.M., a minor, and they both suffered damages as a result of the telephone operator's negligence, as alleged in Claim 3. Ibrahim also argues that there can be more than one cause for an injury, and Lufthansa misstates his burden regarding alleging foreseeability and, thus, his allegations concerning causation are plausible.

Lufthansa replies that Ibrahim fails to allege it owed a duty to H.A.M. to disclose her flight information to someone who called the airline's customer service number. Lufthansa also argues that the actual cause of the alleged injuries was H.A.M.'s attempt to join ISIS, and it was not foreseeable that selling a plane ticket to a 16-year-old with a valid passport in the absence of a consent letter, or that mistakenly reporting to Ibrahim there was no record of the ticket purchase by H.A.M. would lead to the Plaintiff's alleged injuries.

## **LEGAL STANDARDS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

The adequacy of pleadings is governed by Federal Civil Procedure Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## ANALYSIS

Essentially, Lufthansa contends that the Amended Complaint fails to demonstrate Lufthansa may be liable for any of the alleged claims for false representation, nondisclosure or concealment, or negligence to either Ibrahim or to H.A.M.

**A.     Claims Brought on Behalf of H.A.M.**

First, Lufthansa contends that Ibrahim's allegations demonstrate Lufthansa committed no tort – as alleged in Claims 1-3 – against H.A.M., and that these claims brought on her behalf should be dismissed. Lufthansa argues the "Complaint contains no allegations that Lufthansa made any false statements to H.A.M, concealed or failed to disclose anything to H.A.M., or that the telephone operator breached any duty to H.A.M." Motion, docket #35 at 8. Second, Lufthansa contends that the allegations fail to state causation, because the alleged injuries were caused by H.A.M.'s conduct, not Lufthansa's. *Id.* at 10.

In response, Ibrahim supports only his Third Claim for Relief arguing it plausibly states that the Lufthansa telephone operator breached the common carrier/passenger duty of care and such

breach resulted in injuries to H.A.M. Ibrahim also argues that it is improper for the Court to find as a matter of law that only H.A.M. was responsible for her injuries and to determine foreseeability based solely on the specific injuries to her.

For his third claim, Ibrahim, on behalf of himself and H.A.M., must show: "(1) the existence of a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) that the breach of the duty caused the harm resulting in damages to the plaintiff." *Keller v. Koca*, 111 P.3d 445, 447 (Colo. 2005) (citing *Ryder v. Mitchell*, 54 P.3d 885, 889 (Colo. 2002)). "A negligence claim fails where the law does not impose a duty on the defendant to act for the plaintiff's benefit." *Id.* "Whether a defendant in a particular negligence action owes a legal duty to the plaintiff is not a question of fact but is a question of law to be determined by the court." *Id.* at 448.

> Courts consider a number of factors to determine whether a duty exists, including: the risk involved, the foreseeability of the injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against injury or harm, and the consequences of placing the burden on the actor. No one factor is controlling, and the question of whether a duty should be imposed in a particular case is essentially one of fairness under contemporary standards – whether reasonable persons would recognize a duty and agree that it exists.

*Id.* (citations and quotation marks omitted).

Lufthansa contends that Ibrahim fails to identify a legal duty owed to H.A.M. by the telephone operator who allegedly told Ibrahim that the airline had not sold a ticket to H.A.M.[2] Ibrahim counters that Lufthansa owed H.A.M. a "heightened" duty of care pursuant to the "special relationship" of common carrier/passenger. The Court disagrees with Ibrahim as to the Third Claim for Relief brought on behalf of H.A.M.

---

[2] The Court notes that Lufthansa does not challenge whether it owed Ibrahim a legal duty of care for purposes of his negligence claims.

7

The common carrier/passenger relationship has been recognized as follows: "A common carrier may be liable for injuries caused when it exercises its right to eject a passenger at a time or place which is dangerous." *Westin Operator, LLC v. Groh*, 347 P.3d 606, 613 (Colo. 2015). Typically, the circumstances surrounding this relationship have arisen when a common carrier's ejection or discharge of an intoxicated passenger has caused alleged injuries. *Id.* (listing cases). It is undisputed that such circumstances do not exist here, and Ibrahim fails to provide any authority supporting his attempt to extend the doctrine to create a duty of care by a customer service operator who provides incorrect ticket purchase information to the father of a minor passenger.

Even if the Court were to construe Ibrahim's argument as demonstrating Lufthansa had a *common law* duty of care to protect H.A.M. against her injuries, the Court finds Lufthansa's customer service operator did not owe a duty to H.A.M. to protect her from criminal charges and placement on the Government's no-fly list for her attempt to join ISIS. *See HealthONE v. Rodriguez*, 50 P.3d 879, 888 (Colo. 2002) (en banc) ("a duty of reasonable care may arise, despite the absence of a [special] relationship, when there is a foreseeable risk of injury to a plaintiff from a defendant's failure to take protective action to prevent injury"); *see also Ryder v. Mitchell*, 54 P.3d 885, 891 (Colo. 2002) (en banc).

Consideration of the factors necessary to determine whether a duty exists reveals they weigh against finding the operator owed H.A.M. a legal duty. First, the degree of risk involved to a child created by an operator failing to correctly inform her father that she purchased a ticket to fly that day would likely vary depending on the age of the minor; here, where the minor was 16 years old, possessed a valid passport, and had the ability not only to plan an international trip but to pay for it, the Court finds the risk of injury is slight. *See id.* at 888-89. Second, although it may be

foreseeable to the operator that some injury could result from her mistakenly informing Ibrahim that H.A.M. did not purchase a ticket that day, such foreseeability must be weighed against the social utility of the operator's conduct in assisting Lufthansa's customers and answering their questions. *Id.* at 889. Certainly, there is nothing in the record demonstrating that Ibrahim's call to the Lufthansa operator was the only means by which Ibrahim could have learned of H.A.M.'s plans to travel that day. The allegations reveal that H.A.M. possessed a cell phone and, thus, he could have called her directly (and, perhaps, did); in addition, the allegations suggest H.A.M. was traveling with at least two other people from whom (or from their families) Ibrahim might have learned the travel plans. In light of the slight risk of injury found here, the Court concludes the social utility of a telephone operator's customer service efforts outweighs the foreseeability of injury to a 16-year-old by the operator's incorrect answer to her father's question.

Third, the burden of guarding against injury by providing passengers' flight information to third parties and the consequences of placing that burden on Lufthansa are potentially significant. Ibrahim does not dispute that Lufthansa is subject to German privacy laws prohibiting the disclosure of passenger information to persons calling its customer service line.[3] Motion, docket #35 at 14; *see* § 4.2.4 Bundesdatenschutzgesetz, https://en.wikipedia.org/wiki/Bundesdatenschutzgesetz#Purpose (last visited March 30, 2016).[4] Therefore, assuming without deciding that Lufthansa is governed

---

[3] Notably, the allegations reveal that H.A.M. purchased a ticket with a connecting flight to Frankfurt.

[4] Matters of public record may be subject to judicial notice and considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (court may take judicial notice of matters of public record). Thus, courts may take judicial notice of statutes. *United States v. Coffman*, 638 F.2d 192, 194 (10th Cir. 1980) ("Legislative facts are established truths, facts or pronouncements that do not change from case to case but apply universally, while

by the law, imposing a duty on Lufthansa to provide its passengers' flight information to third parties calling its customer service line would conflict with Lufthansa's responsibility to follow German law and would be unreasonable.

Accordingly, the Court concludes Ibrahim fails to state his Third Claim for Relief on behalf of H.A.M. In addition, Ibrahim does not contest Lufthansa's argument that he fails to state his First and Second Claims for Relief on behalf of H.A.M., and the Court finds Lufthansa's arguments persuasive. The Court will grant the motion to dismiss Ibrahim's First, Second, and Third Claims for Relief brought on behalf of H.A.M.

Regarding the Fourth Claim for Relief brought on behalf of H.A.M. – negligence by Lufthansa's ticket agent – Lufthansa argues Ibrahim fails to demonstrate causation. Ibrahim alleges:

> 31. The Lufthansa employee or agent who sold H.A.M's airline ticket owed H.A.M., an unaccompanied minor under the age of 18, as well as Ibrahim, her father and guardian, a duty of reasonable care.
>
> 32. The Lufthansa employee who sold H.A.M.'s airline ticket breached that standard of care by selling a Denver-Istambul [sic] ticket to a female minor, dressed in traditional Muslim attire, who was traveling without a parent and without parental consent, and who was voyaging to a dangerous third-world country.
>
> 33. Indeed, the sale of this ticket violated company policy stating that "children and teenagers under the age of 18 traveling to/from an airport in the USA . . . require a notarized consent letter from their parents or legal guardians." *See Therrien v. Target Corp.*, 617 F.3d 1242 (10th Cir. 2010) (company's internal rules are admissible "as evidence of the measure of caution which ought to be exercised in situations to which the rules apply").
>
> 34. The Lufthansa employee's acts or omissions caused damages to Ibrahim and H.A.M., in the form of public disapproval, financial losses to Ibrahim's limousine business, H.A.M.'s criminal penalties, and her placement on the United States government's no-fly list. Ibrahim and his daughter also suffered significant emotional distress and other noneconomic damages.

---

adjudicative facts are those developed in a particular case.") (citation omitted).

FAC, docket #29.

Under Colorado law, "a finding of negligence does not create liability on the part of a defendant unless that negligence is a proximate cause of the plaintiff's injury." *Boulders at Escalante LLC v. Otten Johnson Robinson Neff & Ragonetti P.C.*, -- P.3d --, 2015 WL 3776866, at *4 (Colo. App. June 18, 2015) (quoting *City of Aurora v. Loveless*, 639 P.2d 1061, 1063 (Colo. 1981)). "Causation is a question of fact for the jury unless the facts are undisputed and reasonable minds could draw but one inference from them." *Id.* (citing *Reigel v. SavaSeniorCare L.L.C.*, 292 P.3d 977, 985-86 (Colo. App. 2011)). To establish whether a defendant's negligence caused a plaintiff's injury, the Court must make two separate determinations: "[b]efore determining whether the defendant's negligence was the proximate (or 'legal') cause of the plaintiff's injury, a determination of causation in fact (or 'actual' cause) must be made." *Id.* at *5.

> To establish causation in fact, a plaintiff must show either that (1) but for the defendant's alleged negligence, the claimed injury would not have occurred, or (2) the defendant's alleged negligence was a necessary component of a causal set that would have caused the injury.
>
> The former, or "but-for" test, is satisfied if the negligent conduct in a natural and continued sequence, unbroken by any efficient, intervening cause, produce[d] the result complained of, and without which the result would not have occurred.
>
> The latter test may be used where causes other than the defendant's negligence may be at play. It may be met if the plaintiff can show that the defendant's negligence was a "substantial contributing cause" or a "substantial factor" in causing the damages. However, a plaintiff relying on this latter test must demonstrate that the defendant's conduct was a cause without which the injury would not have occurred.

*Vititoe v. Rocky Mtn. Pavement Maint., Inc.*, -- P.3d --, 2015 WL 3777138, at *6 (Colo. App. June 18, 2015) (citations and quotation marks omitted).

In determining whether Ibrahim's allegations plausibly allege causation in fact, the Court is mindful of the Colorado courts' admonition that causation is typically a question for the jury;

however, here, the Court takes Ibrahim's allegations as true and thus, for purposes of this motion, they are undisputed.

Taking the allegations as true, the Court finds Ibrahim plausibly states that the Lufthansa agent's sale of a ticket to H.A.M., an unaccompanied minor, in violation of Lufthansa's policy was a necessary component of a causal set that would have caused H.A.M.'s criminal penalties and placement on the no-fly list. The allegations demonstrate that H.A.M.'s stated injuries would not have occurred if Lufthansa's agent had refused to sell H.A.M. a ticket in accordance with the policy requiring parental consent. *See Vititoe*, 2015 WL 3777138 at *6. Although Lufthansa argues that the policy cited by Ibrahim "has been modified" since H.A.M. purchased the ticket, the Court must take Ibrahim's allegations as true for purposes of a 12(b)(6) analysis.

"[F]oreseeability is the touchstone of proximate [or legal] cause." *Groh*, 347 P.3d at 614 n.5. To establish a negligence claim, a plaintiff must prove that the damages sustained were a "reasonably foreseeable" consequence of the defendant's negligence. *Vanderbeek v. Vernon Corp.*, 50 P.3d 866, 872 (Colo. 2002) (en banc). "The exact or precise injury need not have been foreseeable, but it is sufficient if a reasonably careful person, under the same or similar circumstances, would have anticipated that injury to a person in the plaintiff's situation might result from the defendant's conduct." *Id.*

Here, it would have been foreseeable to the ticket agent, who presumptively had knowledge of her company's ticket policy concerning minors, that injury might result from her sale of a ticket for an international flight to a minor (for which she would have had knowledge from H.A.M.'s presentation of her passport) without a parent present and without a letter of consent. Accordingly, the Court finds that Claim 4 states a plausible claim on behalf of H.A.M.; Lufthansa's motion will

be denied in this regard.

**B.     Claims Brought by Ibrahim Individually**

Lufthansa contends that all four of Ibrahim's claims require a finding of causation, and Ibrahim fails to plausibly state that his injuries of public disapproval and loss of business were caused by its alleged misrepresentation or omission by the customer service operator and ticket sale by its ticket agent.

Because it has already stated the legal standards in section A, the Court will begin with an analysis of Ibrahim's third and fourth claims for negligence.

Here, the FAC alleges that because H.A.M. flew to Frankfurt, the press was alerted and Ibrahim suffered injury. In other words, it was the flight to Istanbul via Frankfurt that alerted the press, and it was the press coverage that caused Ibrahim's injuries of "public disapproval" and "financial losses in his limousine business." Taking these allegations as true for purposes of the present motion, the Court must find Ibrahim plausibly states that his injuries would not have occurred absent Lufthansa's failure to inform him they sold H.A.M. the airline ticket and Lufthansa's sale of the ticket to H.A.M. in violation of company policy. The pleading asserts that the flight was scheduled to depart at 6:00 p.m. on October 18, 2014; that when Ibrahim realized H.A.M. had not returned from school that afternoon he "checked the call log" on H.A.M.'s cell phone, saw that she called Lufthansa, and called Lufthansa "identifying himself as the father of a minor child" and "inquired whether his daughter H.A.M. had been issued a Lufthansa ticket"; and that, had he been given accurate information, "he would have immediately driven to the airport and taken steps to stop her," apparently including asking the operator to do what she could to stop H.A.M. *See* FAC, ¶¶ 7-9. These allegations are sufficient to demonstrate fact causation at this early

stage of the litigation; consequently, the Court will proceed to determine whether Ibrahim plausibly states legal causation.

In addition to the legal standards cited above, the test for legal cause has also been described as limiting liability "to those [ ] harms that result from the risks that made the actor's conduct tortious." *Raleigh v. Performance Plumbing & Heating*, 130 P.3d 1011, 1022 (Colo. 2006) (en banc). "Applying this rule requires consideration of both the risks that made the actor's conduct tortious and whether the harm for which recovery is sought was a result of any of those risks." *Id.* (internal quotation marks and citation omitted). If the harm resulted from the risks that made the actor's conduct negligent, the harm is considered to be within the scope of the risk created by the actor's conduct. *See Webb v. Dessert Seed Co., Inc.*, 718 P.2d 1057, 1063 (Colo. 1986) (en banc).

Here, Ibrahim asserts the risks that made the Lufthansa agents' conduct negligent were that H.A.M. was a minor and she was flying to a "dangerous" country (Turkey). If true that these were the risks (or some of the risks) that alerted the press to cover and publish the story, and it was the press coverage that caused Ibrahim's public disapproval and financial losses, the Court finds "the harm would be considered to be within the scope of the risk created by the actor's conduct." Thus, it would be inappropriate to summarily dismiss Ibrahim's negligence claims at this early stage; rather, the facts underlying the causation element of this claim should be developed in discovery.

Lufthansa argues, "This Circuit has a history of applying [the superceding cause] doctrine to dismiss tort claims for lack of proximate cause when a plaintiff brings suit against a business which, through its ordinary course of operations, was tangentially connected to violence planned by an unrelated individual." Motion, docket #35 at 12. Lufthansa cites three cases for support of this position, but the Court finds them distinguishable and, therefore, unpersuasive. First, in

*Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 620 (10th Cir. 1998), the Tenth Circuit applied Oklahoma law to determine whether the plaintiff stated a plausible negligence claim, but Lufthansa fails to explain how or whether Oklahoma law is the same or substantially similar to Colorado's.

Second, in all three cases – including *Sanders v. Acclaim Ent., Inc.*, 188 F. Supp. 2d 1264, 1276 (D. Colo. 2002) and *Castaldo v. Stone*, 192 F. Supp. 2d 1124, 1170 (D. Colo. 2001) – the courts determined that a "superceding" or "supervening" act caused the plaintiffs' injuries. In Colorado, "a superseding cause exists when: 1) an extraordinary and unforeseeable act intervenes between a defendant's original tortious act and the injury or harm sustained by plaintiffs and inflicted by a third party; and 2) the original tortious act is itself capable of bringing about the injury." *Sanders*, 188 F. Supp. 2d at 1276. Lufthansa argues in this case that H.A.M.'s "attempt to join ISIS" was the superceding cause of her and Ibrahim's injuries; however, even if H.A.M. could be considered a "third party" under the facts of this case, H.A.M.'s "attempt" consisted of purchasing the Lufthansa ticket and boarding an airplane headed for Istanbul via Frankfurt. Thus, H.A.M.'s attempt cannot be construed as a separate and distinct action that caused the injuries.

Regarding the remaining claims, Ibrahim titles his First Claim for Relief, "False Representation," but he asserts "Lufthansa is vicariously liable for the negligent and fraudulent acts of its agents and employees." FAC, ¶ 14, docket #29. A plaintiff seeking to prevail on a claim of "Fraud" must establish that: (1) the defendant made a false representation of material fact; (2) the one making the representation knew that it was false; (3) the person to whom the representation was made was ignorant of the falsity; (4) the representation was made with the intention that it be acted upon; and (5) the reliance resulted in damage to the plaintiff. *Vinton v. Virzi*, 269 P.3d 1242, 1247

(Colo. 2012) (en banc) (citing *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005)). For the fifth element, the plaintiff must prove actual reliance, the reasonableness of that reliance, and that the plaintiff's reliance caused its damages. *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013).

Lufthansa's arguments can be construed to assert Ibrahim fails to show his reliance on the alleged misstatement by a Lufthansa agent caused Ibrahim to suffer public disapproval and lose business. Ibrahim counters that, because he relied on the agent's misstatement that Lufthansa had not sold H.A.M. a ticket, he did not ask the agent to revoke the ticket or, otherwise, attempt to stop H.A.M. from flying out of the country with the intent to join ISIS, and her flight to Frankfurt caused the asserted injuries. Again, the Court finds that if Ibrahim can prove the flight to Frankfurt prompted the press to cover and publish the story, and the press coverage was a cause of his injuries, he should be given the opportunity to develop such facts through discovery.

Finally, for his second claim of fraudulent nondisclosure or concealment, Ibrahim will have to establish the following elements:

> (1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages.

*Jehly v. Brown*, 327 P.3d 351, 353 (Colo. App. 2014) (quoting *Kopeikin v. Merchs. Mortg. & Trust Corp.*, 679 P.2d 599, 601 (Colo. 1984)). "In order to prevail on a claim of fraudulent concealment, a plaintiff must show that a defendant *actually* knew of a material fact that was not disclosed. It is not enough that the defendant should have or might have known this fact." *Id.* (emphasis in original) (citations omitted).

Again, Lufthansa's motion can be construed to contend the FAC fails to plausibly state that any concealment on its part resulted in Ibrahim's damages. For the same reasons set forth above, and mindful that these questions are typically reserved for the factfinder, the Court must conclude that the FAC plausibly states causation for the second claim for relief. *See Westin*, 347 P.3d at 612 n. 5 ("[foreseeability] is a question of fact for the jury at trial.").

## **CONCLUSION**

In sum, the Court finds the FAC fails to plausibly state Claims 1-3 on behalf of H.A.M. because it contains no allegations that Lufthansa made any false statements to H.A.M (Claim 1) or concealed or failed to disclose anything to H.A.M. (Claim 2), and the allegations fail to demonstrate the Lufthansa telephone operator owed a legal duty to H.A.M. (Claim 3); thus, these claims made on H.A.M.'s behalf must be dismissed. However, the FAC plausibly states causation for Claims 1-3 brought by Ibrahim individually and for Claim 4 brought on behalf of both Ibrahim and H.A.M. and, thus, Lufthansa's motion will be denied as to these claims.

Accordingly, Defendant's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed February 24, 2016; docket #35] is **granted in part and denied in part**. Claims 1-3 brought on behalf of H.A.M. shall be dismissed from the action.

Dated at Denver, Colorado, this 1st day of April, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge